**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DARRIS COLTON THOMAS, JR.,**

                **Petitioner,**

       **v.**                                          **CASE NO. 21-3062-SAC**

**JARED B. JOHNSON,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus by a prisoner in pretrial detention. The court liberally construes the action as a filing under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention."). The court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases, which directs the court to promptly examine a petition. Where it plainly appears the petitioner is not entitled to relief, the court must dismiss the petition.

**Background**

Petitioner is held at the Saline County Jail in Case No. 2019PR172-SP. On-line records maintained for the state district courts show that a trial is scheduled in that action for July 2021. Petitioner challenges his present confinement and alleges violations of the Ex Post Facto Clause, due process, equal

protection and double jeopardy. He seeks immediate release.

## Discussion

It is long-established that requests for pretrial habeas corpus relief are disfavored. *Jones v. Perkins*, 245 U.S 391-392 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). Accordingly, petitioner's request for release, which appears to seek relief from the pending charges on constitutional grounds, is of the sort that "is normally not attainable by way of pretrial habeas corpus." *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993) (internal quotation marks omitted).

The United States Supreme Court has explained that federal courts should not intervene in pending state criminal prosecutions absent "irreparable injury" that "is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971) (internal quotation marks omitted). The *Younger* abstention doctrine recognizes exceptions to this principle if the prosecution was undertaken in bad faith or is based upon a patently unconstitutional statute. *Id*. at 46-55. However, petitioner has not made a persuasive argument for such an exception in this case. The court concludes this matter should be dismissed without prejudice. Petitioner should present his claims in the first instance to the state district court.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 7th day of April, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge